UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTINE M. HARDWICK, | Case No. 2:14-CV-1651 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ELDORADO RESORTS CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is defendants El Dorado Resorts Corporation, Michael Marrs, Bruce Polansky, Kristen Beck, and James Grimes's motion for partial dismissal of plaintiff's complaint. (Doc. # 6). Plaintiffs have not filed a response and the deadline to do so has passed.

Plaintiff has filed numerous counts alleging various discrimination by defendants against her. Defendants move to dismiss plaintiff's claims for racial discrimination (count II); religious discrimination (count III); 42 U.S.C. § 1983 (count V); retaliation (count VI); breach of the implied covenant of good faith and fair dealing (count VII); NRS 608.018 (overtime) (count VIII); NRS 608.016 (failure to pay each hour worked) (count IX); NRS 608.019 (meal and rest periods) (count X); NRS 608.100 (unlawful taking of wages) (count XI); and NRS 608.190 (willful failure to pay wages (count XII).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell*

**James C. Mahan**
**U.S. District Judge**

1   *Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court
2   should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

3   Pursuant to Local Rule 7-2, an opposing party must file points and authorities in response
4   to a motion and failure to file a timely response constitutes the party's consent to the granting of
5   the motion and is proper grounds for dismissal. *See* LR IB 7-2(d); *United States v. Warren*, 601
6   F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh
7   several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's
8   need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
9   favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."
10  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421,
11  1423 (9th Cir. 1986)).

12  In light of plaintiff's failure to respond and weighing the factors identified in *Ghazali*, the
13  court finds dismissal of plaintiffs' class action appropriate.

14  Accordingly,

15  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants El Dorado
16  Resorts Corporation, Michael Marrs, Bruce Polansky, Kristen Beck, and James Grimes's motion
17  for partial dismissal of plaintiff's complaint (doc. # 6) be, and the same hereby, is GRANTED.

18  IT IS FURTHER ORDERED that counts II, III, V, VI, VII, VIII, IX, X, XI, and XII of
19  plaintiff's complaint (doc. # 1) be dismissed without prejudice. Count I for disability
20  discrimination and count IV for interference and discrimination with family medical leave
21  remain.

22  DATED January 26, 2015.

_____
UNITED STATES DISTRICT JUDGE